UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-21910-MGC

ARIEL MARANTES

    Plaintiff,

v.

MIAMI-DADE COUNTY, RUPERTO PEART,
RUSSELL GIORDANO, JOSE GONZALEZ,
and JORGE RODRIGUEZ,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants Miami-Dade County (the "County"), Ruperto Peart ("Officer Peart"), Russell Giordano ("Officer Giordano"), Jose Gonzalez ("Officer Gonzalez"), and Jorge Rodriguez's ("Officer Rodriguez") (collectively, "Defendants") Partial Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim ("Motion to Dismiss"). (ECF No. 4). Defendants move to dismiss Counts I, II, and III of Plaintiff's Amended Complaint ("Complaint"). (*Id.*). The Motion to Dismiss is fully briefed and ripe for adjudication. (ECF Nos. 9, 10). After reviewing the pleadings, the record, and the relevant legal authorities, I am granting Defendants' Motion to Dismiss and remanding the remaining state law battery claim to state court.

### I.    BACKGROUND

On August 14, 2012, Officers Peart, Giordano, Gonzalez, and Rodriguez were at the Latin American Cafeteria at 11436 SW 184 Street, Miami, Florida, when they saw Plaintiff, Ariel Marantes, engage another individual in a fistfight. (Compl. ¶¶ 7-8, 11-12). The officers approached Plaintiff and the other individual in order to separate the parties and stop the fight. (*Id.* ¶ 12). Plaintiff alleges that the officers used excessive force to arrest him when they "slamm[ed] him twice to the ground," applied a "choke with a Carotid Restraint Hold [ACTR]," held him to the hot

asphalt, and kicked him "about the head and body while he was pleading for help." (*Id.* ¶¶ 12-15). Plaintiff does not allege that the officers used any force on him after he was subdued. (*See generally* Compl.). Subsequent to the arrest, Plaintiff was charged with two counts of felony battery of a police officer and one count of resisting an officer with violence. (*Id.* ¶ 25). Plaintiff eventually entered a plea of no contest for resisting arrest without violence. (*Id.*; ECF No. 4, Ex. 1).

On March 11, 2015, Plaintiff filed his Complaint in state court, and the case was subsequently removed to the Southern District of Florida. (ECF No. 1). In Counts I and II of the Complaint, Plaintiff asserts civil rights claims against the individual officers pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 30-48). In Count III, Plaintiff brings a § 1983 claim against Miami-Dade County, Florida for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (Compl. ¶¶ 49-58). Count IV is a state law battery claim. (*Id.* ¶¶ 59-64). Defendants now move to dismiss Counts I, II, and III of the Complaint. (ECF No. 4).

## II.  LEGAL STANDARD

A civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, in order to survive dismissal under Federal Rules of Civil Procedure 12(b)(6), a plaintiff's complaint must include plausible factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* For the purposes of a motion to dismiss under Rule 12(b)(6), a court may accept the facts of the complaint as true, but need not accept legal conclusions. *Id.* Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682)).

If the allegations in a complaint—on their face—demonstrate that an affirmative defense bars recovery, the complaint may be dismissed for failure to state

a claim. *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). For an affirmative defense of qualified immunity, the defendant is entitled to dismissal before the commencement of discovery, "unless the plaintiff's allegations state a claim of violation of clearly established law." *Mitchell v. Forsyth,* 472 U.S. 511 (1985). To determine whether the law in question was clearly established at the time of the violation, the Court "looks only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citing *Amnesty Int'l, USA v. Battle,* 559 F.3d 1170, 1184 (11th Cir. 2009)).

Unless the plaintiff states a claim of violation of clearly established law, the district court should grant qualified immunity at the motion to dismiss stage. *See Gonzalez v. Reno,* 325 F.3d 1228, 1233 (11th Cir. 2003). After dismissing a plaintiff's federal claims, a district court may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *see also Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1288 (11th Cir. 2002) (observing that the decision to continue to exercise supplemental jurisdiction "should be and is vested in the sound discretion of the district court").

### III.  ANALYSIS

#### A. Qualified Immunity

"The defense of qualified immunity protects officials performing discretionary functions from liability 'where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Moore v. Miami-Dade Cnty.,* 502 F. Supp. 2d 1224, 1232-33 (S.D. Fla. 2007) (quoting *Gold v. City of Miami,* 121 F.3d 1442, 1445 (11th Cir. 1997)). First, to determine if an official is engaged in a discretionary function, the Court considers whether the acts that the official undertook "are of a type that fell within the employee's job responsibilities." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). Here, the Defendant Officers were clearly acting within the scope of their discretionary

authority as police officers at all relevant times. *See id.* Plaintiff does not dispute this conclusion. (*See* Compl. ¶¶ 31-32, 40).

"Once the defendants establish that they were acting within their discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate." *Lumley v. City of Dade City,* 327 F.3d 1186, 1194 (11th Cir. 2003). Qualified immunity is not appropriate where (1) the facts as alleged show that the officer's conduct violated a constitutional right, and (2) such a right was clearly established. *Scott v. Harris*, 550 U.S. 372, 377 (2007).[1] To show that a right is clearly established, a plaintiff cannot rely on "general, conclusory allegations" or "broad legal truisms." *Barts v. Joyner,* 865 F.2d 1187, 1190 (11th Cir. 1989); *see also Muhammad v. Wainwright,* 839 F.2d 1422, 1424 (11th Cir. 1987). "Instead, the burden is on the plaintiff to show that, when the defendant acted, the law established the contours of a right so clearly that a reasonable official would have understood his acts were unlawful." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir. 1993) *modified,* 14 F.3d 583 (11th Cir. 1994) (citing *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).

Plaintiff fails to carry this burden, first, because his complaint comprises only conclusory allegations and, second, because he does not address any Eleventh Circuit case law regarding the use of force on resisting arrestees. Defendants, on the other hand, provide several cases from the Eleventh Circuit and the Southern District of Florida in which courts have allowed officers to use significant force when dealing with resisting arrestees. (ECF No. 4, pp. 7-11). In fact, courts in some of these cases

---

[1] The Supreme Court has recognized that a district court, in order to avoid superfluous analysis, can and sometimes should conduct this two-part test in reverse order. *See Pearson v. Callahan*, 555 U.S. 223, 229 (2003) ("[T]here will be cases in which a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all."); *see also Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009) ("The Supreme Court recognized that discussion of a constitutional violation may become unnecessary for qualified immunity purposes when the right was not clearly established."). The reverse analysis is suitable here because Plaintiff has failed to demonstrate a clearly established right.

found qualified immunity for officers who used greater force in less threatening circumstances on individuals who were *not* resisting arrest. *See, e.g., Post*, 7 F.3d at 1559-60 (officer was entitled to qualified immunity after applying a chokehold and pushing a restaurant owner, who was not resisting arrest, against a wall during an arrest for a building code violation).

Plaintiff does not address *Post* or any other relevant case law[2] in his Complaint or Response to Defendants' Motion to Dismiss ("Response"), and therefore fails to show that Defendant Officers—"at the pertinent time and given the specific circumstances of this case—had fair notice that their conduct would violate clear federal law." *Long v. Slaton,* 508 F.3d 576, 584 (11th Cir. 2007). Even so, the Eleventh Circuit has repeatedly held that officers may use significant force during the arrest of a resisting suspect. *See, e.g., Hoyt v. Cooks*, 672 F.3d 972 (11th Cir. 2012) (officers were entitled to qualified immunity where they repeatedly used their tasers on an individual resisting arrest); *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288 (11th Cir. 2009) (officers were entitled to qualified immunity where suspect died after being hogtied, even though suspect was not a danger and was merely resisting arrest); *Benton v. Hopkins*, 190 F. App'x 856 (11th Cir. 2008) (officers did not use excessive force when they used pepper spray on resisting arrestee and then struck him multiple times with a metal baton).

Although Plaintiff maintains that he did not resist the arrest with violence (*see* Compl. ¶ 24)—an assertion this Court accepts as true at this stage—the Eleventh

---

[2] Plaintiff cites to *Slone v. Judd*, No. 809-CV-1175-T-27TGW, 2009 WL 5214984 (M.D. Fla. Dec. 29, 2009), apparently to provide an example of a case in which qualified immunity did not attach. (ECF No. 9, ¶ 13). However, *Slone* is a decision from the Middle District of Florida and cannot be used to demonstrate "clearly established" law here. *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 827 n.4 (11th Cir. 1997) ("In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."). Moreover, *Slone* involved the use of an electronic shield on a detainee "*after* he was handcuffed, shackled, and had stopped resisting," which the court found raised material issues of fact regarding excessive force. *Slone*, 2011 WL 1124618, at *18 (emphasis added). Plaintiff never alleges that Defendants used force on him after he was subdued. (*See generally* Compl.).

Circuit has also allowed the use of significant force on arrestees resisting *without* violence. *See, e.g., Hoyt*, 672 F.3d at 977-78; *Lewis*, 561 F.3d at 1292; *Post*, 7 F.3d at 1559-60. Plaintiff does not distinguish the factual circumstances of his arrest from any of these cases, nor does he develop any legal theory to rebut Defendants' assertion of qualified immunity.[3] Therefore, Counts I and II of Plaintiff's Complaint demonstrate, on their face, that an affirmative defense bars recovery. Accordingly, they must be dismissed for failure to state a claim. *See LeFrere*, 582 F.3d at 1263.

## B. Municipal Liability

Plaintiff's failure to allege a violation of a clearly established right in Counts I and II of his Complaint forecloses his *Monell* claim for municipal liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."); *see also Case v. Eslinger*, 555 F.3d 1317, 1328 (11th Cir. 2009) (noting that the law does not authorize "the award of damages against a municipal corporation based on the actions of one of its officers when in fact the officer inflicted no constitutional harm."). As discussed above, Plaintiff fails to allege a constitutional injury and, on this basis alone, cannot bring a cause of action for municipal liability under 42 U.S.C. § 1983.[4]

## IV.   CONCLUSION

Plaintiff's Complaint on its face fails to demonstrate a constitutional injury. Moreover, his Complaint and Response both fail to satisfy the exacting standard

---

[3] Plaintiff's Response contains only copy-and-pasted sections from the Complaint, a few inapposite legal citations, and unsubstantiated legal conclusions. Moreover, it entirely ignores Defendants' Motion to Dismiss.

[4] To impose § 1983 liability on a municipality, Plaintiff would have to show that (1) his constitutional rights were violated, (2) the County had a custom or policy that constituted deliberate indifference to those constitutional rights, and (3) this policy or custom caused the constitutional violations at issue. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). While Plaintiff's Complaint fails at the first step, it should also be noted that the Complaint is devoid of any factual allegations regarding a County policy or custom of indifference to constitutional rights. (*See generally* Compl.).

necessary to overcome an affirmative defense of qualified immunity. Plaintiff's failure to demonstrate a constitutional injury is also fatal to his *Monell* claim for municipal liability under 42 U.S.C. § 1983. Accordingly, it is **ORDERED and ADJUDGED** that

      1.    Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 4) is **GRANTED**. Counts I, II, and III of Plaintiff's Amended Complaint are **DISMISSED**.

      2.    Count IV (State Law Claim Against the County for Battery) is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

      3.    The Clerk of Court is directed to **CLOSE** this case.

      4.    All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 10TH day of July 2015.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*